UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK D. HALL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-1073 ACL |
| ) | |
| ST. LOUIS TOWN AND COUNTRY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Mark D. Hall, Jr., a pretrial detainee at the St. Louis County Justice Center ("SLCJC"), for leave to commence this civil action without payment of the required filing fee. ECF No. 2. For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss this action, without prejudice.

**Inmate Account Statement**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff submitted an affidavit of his assets that is required by 28 U.S.C. § 1915(a)(1) and is part of his application to proceed *in forma pauperis*. ECF No. 2. Plaintiff did not, however, submit a certified copy of his "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). However, in this instance, it appears that plaintiff has insufficient funds to pay the full filing fee. Thus, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience

and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff, a pretrial detainee at SLCJC, filed this action on the Court's civil rights complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Named as defendants are St. Louis Town and Country and the Town and Country Police Department. Plaintiff states he is suing defendants in their official capacities only. Plaintiff asserts that the defendants violated his constitutional rights by slandering his name.

Plaintiff alleges that on July 14, 2021 "Town and Country Detectives . . . went on a news feed saying [he] was a[n] [U]ber driver riding around raping women." *Id.* at 3. Plaintiff states that the "shock value of misinformation resulted in [the] fatality of [his] father . . . by heart attack." *Id.*

3

at 4. On August 1, 2021, plaintiff asserts that Town and Country corrected the news feed information via a newspaper article. *Id.*

For relief, plaintiff seeks 6 million dollars in punitive damages.

### Discussion

Having carefully reviewed plaintiff's complaint, the Court concludes that the instant action must be dismissed as legally frivolous and/or for failure to state a claim upon which relief may be granted.

#### *1. Defendant Town and Country Police Department*

Plaintiff names the Town and Country Police Department as one of the two defendants in this case. However, the Town and Country Police Department is a department or subdivision of local government, not a distinctly suable entity. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *see also Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming dismissal of county jail and sheriff's department as parties because they are not suable entities); *Hackman v. Town and Country Police Dept., et al.*, Case No. 4:14-cv-2124-DDN (E.D. Mo. Mar. 13, 2015) (dismissing the Town and Country Police Department on initial review). Because the Town and Country Police Department is not a suable entity, plaintiff's claim against this defendant must be dismissed.

4

### *2. Defendant Town and Country*

Plaintiff's claims against Town and Country, Missouri fail to state a claim and must be dismissed. A local governing body can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Town and Country.

First, plaintiff can show that Town and Country had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional

5

violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against Town and Country by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He has failed to articulate any

6

unconstitutional policy or custom allegedly implemented by officials of the municipality. He also fails to present any facts indicating that Town and Country failed to train its employees. Instead, plaintiff's complaint focuses on a singular incident in which unnamed detectives issued the wrong information about plaintiff's charges on a "news feed," which were subsequently redacted. The Court cannot infer the existence of an unconstitutional policy or custom from these allegations.

Because plaintiff has not alleged facts showing an unconstitutional policy, custom, or failure to train on the part of Town and Country, he has not stated a municipal liability claim. Therefore, plaintiff's § 1983 action against Town and Country must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### *3. Slander Claim*

Lastly, plaintiff's complaint is limited to an allegation of slander against defendants. Slander is a state law claim that plaintiff must pursue in state, not federal, court. "[T]he Constitution does not forbid libel and slander." *Davis v. City of Chicago*, 53 F.3d 801, 804 (7th Cir. 1995). Claims for slander and defamation are not cognizable under § 1983. *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983); *see also Stordahl v. Harrison*, 542 F. Supp. 721, 723 (E.D. Va. 1982) ("Slander or defamation in and of itself does not implicate a liberty or property interest so as to be cognizable under the Fourteenth Amendment or 42 U.S.C. § 1983"). "A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (determining that regardless of seriousness of "defamatory publications," the harm to plaintiff's reputation "did not deprive him

7

of any liberty or property interests protected by the Due Process Clause"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States").

Since plaintiff has not asserted a valid federal claim, this Court should not exercise supplemental jurisdiction over any such state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715. 726 (1966); *Lovem v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). Thus, plaintiff's state law claims for slander will be dismissed without prejudice.[1]

### Motion to Appoint Counsel

Plaintiff has filed a motion for the appointment of counsel. ECF No. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel . . . Rather a court may request an attorney to represent any person unable to afford counsel"). Plaintiff's motion will be denied as moot, given the fact that plaintiff's claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Even if the Court were to liberally construe the complaint as having been brought under 28 U.S.C. § 1332, the action would be dismissed for lack of subject matter jurisdiction as diversity of citizenship is not present. *See* 28 U.S.C. § 1332.

8

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because the amended complaint is legally frivolous and/or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of September, 2021.

                                        STEPHEN N. LIMBAUGH, JR.
                                        SENIOR UNITED STATES DISTRICT JUDGE